UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

**WAYNE THOMPSON,**

                              **Plaintiff,**

                    **-v-**                              **9:09-CV-1038 (NAM/GHL)**

**THE DEPT. OF CORR. NYC, BELLEVUE
HOSPITAL, RIKERS ISLAND FACILITY, DR.
JOHN DOE, LESTER WRIGHT, Department of
Corrections Chief Medical Officer, BRIAN FISCHER,
Department of Corrections Commissioner, PEDRO
DIAZ, Regional Medical Director, DR. WHALEN,
Regional Medical Director,**

                              **Defendants.**

◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆◆

APPEARANCES:

WAYNE THOMPSON
06-A-4609
Great Meadow Correctional Facility, Box 51
Comstock, New York 12821
Plaintiff, *pro se*

HEIDELL, PITTONI, MURPHY & BACH, L.L.P.
PAUL STUART HABERMAN, Esq., of counsel
99 Park Avenue
New York, New York 10016
Counsel for New York City Defendants

HON. ERIC T. SCHNEIDERMAN, Attorney General of the State of New York
DAVID L. COCHRAN, Assistant Attorney General
The Capitol
Albany, New York 12224
Counsel for New York State Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge:**

                    **MEMORANDUM-DECISION AND ORDER**

**I.      Background**

        Plaintiff, an inmate in the custody of the New York State Department of Corrections and

Community Supervision, brought this action under 42 U.S.C. § 1983 ("section 1983"). In his amended complaint (Dkt. No. 81), plaintiff seeks monetary and injunctive relief based on his claim that defendants have wrongfully refused to provide needed surgery on his right shoulder. There are three pending motions. First, the City of New York (sued as The Dept. of Corr. NYC), New York City Health and Hospitals Corporation (sued as Bellevue Hospital), and Rikers Island Facility (collectively, "City defendants") move (Dkt. No. 96) to dismiss under Fed. R. Civ. P. 12(b)(6). Second, defendants Lester Wright, Brian Fischer, Pedro Diaz, and Dr. Whalen (collectively, "State defendants") move (Dkt. Nos. 91, 119) for summary judgment. And third, plaintiff moves for a preliminary injunction (Dkt. No. 124).

Upon referral pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c), United States Magistrate Judge George H. Lowe issued a Report and Recommendation (Dkt. No. 130) recommending that the City defendants' motion to dismiss (Dkt. No. 96) be granted with leave to replead; that the State defendants' motion for summary judgment (Dkt. Nos. 91, 119) be granted without prejudice to refiling when plaintiff has exhausted his administrative remedies; and that plaintiff's motion for a preliminary injunction (Dkt. No. 124) be denied as moot. Magistrate Judge Lowe also granted the State defendants' request (Dkt. No. 129 ) for an extension of time to respond to plaintiff's preliminary injunction motion and adjourned the response deadline without date pending this Court's action on the Report-Recommendation.

Plaintiff objects (Dkt. No. 131) to virtually every aspect of the Report and Recommendation. The City defendants object (Dkt. No. 132) to Magistrate Judge Lowe's recommendation that plaintiff be given an opportunity to file a second amended complaint. On *de novo* review pursuant to 28 U.S.C. § 636(b)(1)(C), this Court accepts the Report and

Recommendation in all respects except that the Court denies leave to amend against the City defendants.  Accordingly, the action is dismissed.

## II.     The City Defendants

The Court first addresses the City defendants' motion (Dkt. No. 96) to dismiss under Fed. R. Civ. P. 12(b)(6).  The Court adopts the Report and Recommendation's recitation of the facts and applicable law.  In moving to dismiss, the City defendants contend that plaintiff's claims against them are barred by the three-year statute of limitations applicable to section 1983 claims. *See Shomo v. City of New York*, 579 F.3d 176, 181 (2d Cir. 2009).  They urge that the latest date the claims could have accrued was August 21, 2006, when plaintiff was transferred to State custody.  Plaintiff signed his complaint on September 11, 2009, more than three years later.

Plaintiff contends that he should benefit from the continuing violation doctrine and/or equitable tolling.  The continuing violation doctrine provides an exception to the general rule that a section 1983 claim accrues when the plaintiff knows or has reason to know of the harm.  *See id*. In cases where a plaintiff challenges an ongoing unlawful policy, the doctrine may be applied to delay commencement of the limitations period until the last unlawful act in furtherance of that policy.  *See id.*  The doctrine may apply "when a prisoner challenges a series of acts that together comprise an Eighth Amendment claim of deliberate indifference to serious medical needs."  *Id.* at 182.  The prisoner "must allege both the existence of an ongoing policy of deliberate indifference to his or her serious medical needs and some non-time-barred acts taken in the furtherance of that policy."  *Id.* (citation, alteration, and internal quote omitted).  The doctrine does not apply to medical indifference claims "that challenge discrete acts of unconstitutional conduct or that fail to allege acts within the relevant statutory period that are traceable to a policy of deliberate

indifference." *Id.*

Plaintiff also contends that he should benefit from equitable tolling, "a doctrine that permits courts to extend a statute of limitations on a case-by-case basis to prevent inequity." *Johnson v. Nyack Hosp.*, 86 F.3d 8, 12 (2d Cir. 1996). The Second Circuit recently explained:

> Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Because statutes of limitations protect important social interests in certainty, accuracy, and repose, equitable tolling is considered a drastic remedy applicable only in rare and exceptional circumstance[s].

*A.Q.C. ex rel. Castillo v. United States*, 2011 WL 3926557, *7 (2d Cir. Sept. 8, 2011) (citations and internal quotation marks omitted). "The plaintiff bears the burden of showing that the action was brought within a reasonable period of time after the facts giving rise to the equitable tolling claim have ceased to be operational." *Abbas v. Dixon*, 480 F.3d 636, 642 (2d Cir. 2007) (citation and quotation marks omitted). The doctrine may be invoked to defeat a statute of limitations defense "when the plaintiff was induced by fraud, misrepresentations or deception to refrain from filing a timely action." *Id.* Even where plaintiff shows that he was the victim of fraud, misrepresentations or deception, however, he is not entitled to equitable tolling unless he can also show that these circumstances prevented him from timely commencing his action. *See id.*

The statute of limitations issue was first raised by this Court in its Memorandum-Decision and Order (Dkt. No. 8) upon preliminary review of the initial complaint (Dkt. No. 1) under 28 U.S.C. § 1915(e). The Court wrote:

> The Court also notes that claims arising out of plaintiff's confinement in NYC DOC custody appear to be time-barred. The applicable statute of limitations for § 1983 actions arising in New York requires claims to be brought within three years. A §1983 cause of action accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action. In

determining when the statute begins to run, the proper focus is on the time of the illegal act, not the point at which the consequences of the act become painful.

In this case, plaintiff's confinement in NYC DOC custody ended in August, 2006.  Plaintiff signed his complaint in this action more than three years later, on September 11, 2009.
***
In light of plaintiff's *pro se* status, he is afforded the opportunity to file an amended complaint within thirty (30) days of the filing date of this Order if he wishes to proceed with this action against one or more of the New York City Defendants. Any amended complaint, which shall supersede and replace in its entirety the original complaint filed by plaintiff, must clearly allege plaintiff's
intention to name one or more of the New York City Defendants as defendants in this action and must set forth facts demonstrating that his claims against those defendants are timely filed.***

(Emphasis added; citations and internal quotation marks omitted.)

On August 23, 2010, plaintiff moved (Dkt. No. 55) to amend his complaint. On the issue of the City defendants' liability, the proposed amended complaint (which was ultimately filed and is the amended complaint presently before the Court, Dkt. No. 81) claims:[1]

Plaintiff alleges that the violation of his right to receive needed medical care began when he was arrested for a criminal charge in the county of Queens, New York, in July of 2004, when he was diagnosed by Defendant, John Doe, as having a torn rotator cuff in his right shoulder that required surgery to repair. Dr. John Doe, after recommending that Plaintiff be scheduled for surgery, conspired with others within the NYC Department of Corrections and with the Bellview Hospital medical department to deny Plaintiff his Due Process 14th Amendment right to be treated for his serious medical injury.

Plaintiff alleges that upon his last visit to Bellview Hospital he was scheduled to recieve surgery when he was told by Defendant, John Doe that he was being denied surgery because he would not be able to recieve the type of physical therapy that would be required after surgery at Rikers Island. Rikers Island would then be in violation of not providing for adequate medical staff or qualified staff and consequently would be in violation of their own

---

[1] Except for an occasional modification of punctuation for purposes of clarity, the Court quotes directly from plaintiff's submissions without noting or correcting errors.

statutory obligation to provide adequate medical care.

Plaintiff alleges that both entities engaged in deliberately maintaining policies designed to interfere with a prisoner's right to recieve meaningful medical treatment. To the extent that those policies were deliberately instituted in an effort to deprive a class of citizens a protected right, this complaint also alleges an ongoing conspiracy to defraud the states taxpayers, As such, these NYC Defendants remain subject to civil litigation, as they have displayed their Deliberate Indifference, during the relevant time limitation period and after, through, their repeated examples of willfull negligent acts, which disclose a pattern of conduct of denying prisoners meaningful medical treatment through their policymaking decisions, intended to defraud the states taxpayers.

Dr. John Doe, when pressed by the Plaintiff to go ahead and perform the recommended surgery and instruct him on how to perform the necessary physical therapy, that he would take it upon himself to maintain the exercises, simply stated to Plaintiff, if you win your criminal case you can come back to the Hospital and we will perform the surgery and if you are convicted you can take care of it when you get to prison. That statement revealed his culpable state of mind and expressed his own personal indifference towards the Plaintiff.  It also revealed that his decision to perform surgery was underminded by others.  Again in 2005, while Plaintiff was being held in the [Rikers Island Facility] he suffered two more dislocations of his right shoulder. He was seen by Rikers Island medical staff on both occassions where his shoulder was put back into place and he was never again taken back to Bellview to be seen by a doctor or to have surgery.  He did however recieve a few sessions of physical therapy at Rikers Island.

Under the Continuation Violation Doctrine, the time limitation for filing a Federal § 1983 complaint alleging a medical indifference claim may be extended if a violation can be shown to be an ongoing practice of indifference. This doctrine is therefore applicable to this case as far as the NYC defendants are concerned.  They have violated state statutory law, agency rules and regulations and the US Constitution's 14th Amendment by violating the Plaintiff's Due Process right to recieve medical treatment.  Plaintiff, at the time, was a detainee at Rikers Island and should have been afforded a higher level of protection or at the same level of protection as that provided state prisoners under the 8th Amendment.   As pertaining to the Statute of Limitations in regards to these NYC Defendants, Plaintiff did not learn of the violation until it was repeated by the NYS Defendants in the very same manner, to a fault.  Therefore, as pertaining to the NYC Defendants this claim accrued at the same time as for the NYS Defendants.

-6-

In their opposition (Dkt. No. 62) to the motion to amend, the City defendants argued that amendment of the complaint against them would be futile because all claims were time-barred. They argued that any section 1983 claim was time-barred because it was not asserted within three years of the plaintiff's incarceration and treatment by the City defendants.  They also argued that any state law claim against any municipal entity was time-barred due to plaintiff's failure to file a timely notice of claim and timely commence the action under New York General Municipal Law §§ 50-e and 50-i.

Magistrate Judge Lowe (Dkt. No. 80) granted plaintiff's motion for leave to file the proposed amended complaint  (except for plaintiff's claims against "Division of Health Services" and "State of New York").  Regarding the statute of limitations issue, Magistrate Judge Lowe stated: "[T]he NYC Defendants have not yet responded to the amended complaint.  This Court's view is that their statute of limitations defense will be better addressed on a properly filed motion to dismiss."

In support of the instant motion to dismiss (Dkt. No. 96), the City defendants' Memorandum of Law (Dkt. No. 97) argues that the latest date plaintiff's claims against them could have accrued was August 21, 2006, when plaintiff was transferred to State custody. Plaintiff signed his complaint on September 11, 2009, more than three years later.  Moreover, movants argue as to New York City Health and Hospitals Corporation (sued as Bellevue Hospital), that plaintiff does not claim to have been treated there since 2004, when Dr. John Doe told him he would not be given surgery, so that the limitations period for that defendant expired long before August 21, 2006.  The City defendants contend that there is no basis to apply the continuing violation doctrine or equitable tolling.

In his opposition (Dkt. No. 103) to the motion to dismiss, plaintiff relies on the continuing violation doctrine and equitable tolling.  He states that the City defendants misled him into believing they were unable to perform surgery on his shoulder while he was incarcerated at Rikers Island Facility; that they led him to believe that there was a contractual agreement between the City of New York and New York State Department of Correctional Services; that plaintiff believed that New York State would obtain his medical records and perform the desired surgery upon his transfer to state custody; that it was more than a year before plaintiff learned that New York State "was never going to honor" the City defendants' recommendation for surgery; that the City defendants fraudulently concealed that plaintiff had a section 1983 cause of action; that on September 26, 2006, shortly after his transfer to state custody, plaintiff raised his shoulder concerns to state corrections personnel; and that plaintiff relied on the City defendants' representations to his detriment.  He adds:

> [I]t was these NYC-Defendants who misrepresented the material facts to the Plaintiff, in order to decieve him and have him believe that the only way he could recieve the surgery that he needed was to wait until he was transfered into state custody.  It was also these Defendants who initiated the conspiracy and maintained control over effectuating it. They entered into a joint venture and that venture continues to this day.

In his objection (Dkt. No. 131) to the Report and Recommendation, plaintiff repeats many of the above assertions.  He alleges:

> [Defendant John Doe] deliberately lied to Plaintiff and led him to believe that he was not denying him surgery but was taking precaution for his safety pertaining to his medical treatment when he told  him that because he could not recieve the necessary post-operative physical therapy, the surgery was being canceled. It has since been determined that that was an outright lie. If that is not a misrepresentation of why Plaintiff was denied his scheduled surgery for fradulent purposes, a matter only requiring assessment of their financial statements in regards to the treatment that he recieved from the Bellevue medical staff during that relevant period of time, then before the

-8-

court makes a ruling on this claim, Plaintiff should be allowed to amend to so
allege in his second amended complaint

Specifically regarding the statute of limitations, plaintiff states:

> The court only has to determine when did Plaintiff actually learn of the
> violation taking the allegation raised in the complaint as true drawing all
> inferences in favor of the Plaintiff. Plaintiff has stated a cause of action and
> has invoked the continuation-violation doctrine implacating that there existed
> an agreement between the two classes of Defendants to deny the Plaintiff
> recommended surgery in order to defraud the states taxpayers. These
> Defendants are responsible for not only failing to provide the surgery but for
> intentionally misleading Plaintiff into believing that they and the state
> Defendants were obligated to and would provide the surgery.

> Defendant John Doe did tell Plaintiff that his medical file would follow him
> and that he would not have to further undergo any additional treatment, that
> the evaluation and diagnosis would be honored by the state DOC medical and
> that he was to bring his medical diagnosis to the attention of the medical
> personal once he was transfered into state custody.

As demonstrated above, the issue of whether plaintiff's claims against the City defendants
were time-barred has been addressed repeatedly in this case.  It was first raised in the Court's
decision on preliminary review (Dkt. No. 8).  The City defendants raised the issue in their
opposition (Dkt. No. 62) to plaintiff's application for leave to amend.  Plaintiff added allegations
on this issue in his amended complaint (Dkt. No. 81).  The City defendants discussed the issue in
depth in support of the instant dismissal motion (Dkt. No. 96), and plaintiff submitted a lengthy
opposition to the motion (Dkt. No. 103) adding further allegations.  In his objection to the Report
and Recommendation (Dkt. No. 131), plaintiff again addresses the issue.  Certainly plaintiff has
repeatedly been notified of the significance of this issue and has been given numerous
opportunities to plead facts giving rise to a plausible ground for finding a continuing violation or
equitable tolling.  Plaintiff has taken full advantage of these opportunities and has asserted
numerous facts and made extensive arguments in support of his position.

Taking into account all of plaintiff's submissions, affording him the lenience due to a *pro se* litigant, assuming the truth of all of his factual allegations (as distinguished from his speculative conclusions), and drawing all inferences in plaintiff's favor, the Court finds no ground to apply the doctrine of continuing violation.  All action (or inaction) by the City defendants regarding plaintiff's medical condition ceased upon plaintiff's transfer to State custody.  Once plaintiff was transferred, he knew it was up to the State – not the City – to provide him with surgery; indeed, according to plaintiff, he promptly began to seek surgery from the State defendants.  There is no allegation of any post-transfer conduct by the City defendants that prevented the State defendants from giving plaintiff surgery or interfered with plaintiff's efforts to obtain surgery from the State.[2]  Thus, even assuming that the City defendants had a policy of denying medical care, plaintiff has failed to plead any non-time-barred action taken by the City defendants in furtherance of that policy.  And even assuming that the City defendants and the State defendants had a conspiracy or a joint policy of denying medical care, the City's refusal to give plaintiff surgery is discrete from the State's refusal to do so, and gave rise to a discrete claim which accrued at the latest upon plaintiff's transfer.  As such, there is no basis to find a continuing violation.

Further, there is no basis for equitable tolling of the limitations period.  There is no reasonable ground to infer that statements allegedly made by John Doe in 2004, or any other conduct by the City defendants, prevented plaintiff from suing the City defendants within three

---

[2] As Magistrate Judge Lowe stated in *Crenshaw v. Syed*, 2011 WL 2975687, *4 (N.D.N.Y. Mar. 8, 2011), *adopted* 2011 WL 2975775 (N.D.N.Y. Jul. 21, 2011), "it is not enough to simply allege that someone committed a wrongful act within the statute of limitations period. Rather, a plaintiff hoping to invoke the continuing violation doctrine must allege that the defendant committed a wrongful act within the statute of limitations period."  (Emphasis in original.)

years after his transfer.  Plaintiff has failed to articulate any acts by defendants that prevented him from timely commencing suit.  Thus, the doctrine of equitable tolling does not apply.

On *de novo* review, the Court concludes that plaintiff's claims against the City defendants are time-barred.  On this record, the Court perceives no reason to allow another round of pleading, preliminary review, and possible motion practice.  In addition, the Court agrees with Magistrate Judge Lowe's recommendation that all state law claims against the municipal defendants must be dismissed as time-barred due to plaintiff's failure to file a timely notice of claim or timely commence the action under New York General Municipal Law §§ 50-e and 50-i. All claims against the City defendants are dismissed without leave to amend, on the ground that they are time-barred.

**III.    The State Defendants**

Magistrate Judge Lowe recommends that plaintiff's claims against the State defendants be dismissed without prejudice on the ground that plaintiff failed to exhaust his administrative remedies before bringing this action.  The Court refers the reader to Magistrate Judge Lowe's Report and Recommendation for the facts and applicable law.  Plaintiff claims that he completed the final step in the administrative review process by filing an appeal to the Central Office Review Committee ("CORC") on August 25, 2009, and that a supervisor failed to forward the appeal papers to CORC.  Plaintiff does not dispute that he brought this action on September 14, 2009, fewer than 30 days after the alleged appeal to CORC and without receiving any response from CORC.[3]  It is well established that administrative remedies must be exhausted prior to the

---

[3] Under the applicable regulations, an appeal to CORC is the final step in the administrative review process.  7 N.Y.C.R.R. § 701.5(d).  CORC has 30 days to respond.  7 N.Y.C.R.R. § 701.5(g).

filing of the complaint, and that completing the exhaustion requirements after filing suit is insufficient. *See Burgos v. Craig*, 307 Fed.Appx. 469, 470 (2d Cir. 2008). Thus, even accepting plaintiff's assertion that he filed appeal papers on August 25, 2009, the fact that he filed this action fewer than 30 days later means that he failed to exhaust his remedies.[4] Thus, the complaint must be dismissed without prejudice. After completing exhaustion, plaintiff may, if he wishes, refile his claims against the State defendants. If he does so, the Court recommends that he add paragraphs explaining how and when the administrative remedies were exhausted and attach copies of the administrative decisions and other relevant documents.

**IV.    Conclusion**

It is therefore

ORDERED that the United States Magistrate Judge George H. Lowe's Report and Recommendation (Dkt. No. 130) is accepted, except insofar as it recommends granting leave to replead against the City of New York (sued as The Dept. of Corr. NYC), New York City Health and Hospitals Corporation (sued as Bellevue Hospital), and Rikers Island Facility; and it is further

ORDERED that the motion to dismiss (Dkt. No. 96 ) filed by the City of New York (sued as The Dept. of Corr. NYC), New York City Health and Hospitals Corporation (sued as Bellevue Hospital), and Rikers Island Facility is granted without leave to replead; and it is further

---

[4] *Abney v. McGinnis*, 380 F.3d 663 (2d Cir. 2004), cited by plaintiff in his objection, is inapposite. *Abney* concerned an inmate who had received a favorable disposition by the superintendent, and thus did not appeal to CORC. After prison officials failed to implement the superintendent's disposition, the inmate sued, and district court dismissed the action for failure to exhaust. The Second Circuit reversed, holding that the inmate was not required to appeal the superintendent's favorable disposition to CORC, and that therefore he had exhausted all available remedies. In contrast, in the case at bar, plaintiff received unfavorable rulings at the lower administrative levels. The earlier "favorable disposition" to which plaintiff refers in his objection, dated November 13, 2008, concerns only plaintiff's request for an M.R.I. of his shoulder.

ORDERED that the motion for summary judgment (Dkt. Nos. 91, 119) by Lester Wright, Brian Fischer, Pedro Diaz, and Dr. Whalen is granted without prejudice to refiling when plaintiff has exhausted his administrative remedies; and it is further

ORDERED that plaintiff's motion for preliminary injunction (Dkt. No. 124) is denied as moot; and it is further

ORDERED that the case is closed; and it is further

ORDERED that the Clerk serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

September 19, 2011
Syracuse, New York

Norman A. Mordue
Chief United States District Court Judge

-13-